IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathan Lee Riches, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Brian McKnight, Sean Kingston, and | ) | C/A No. 6:08-1209-MBS |
| FCI Williamsburg; | ) | |
| | ) | |
| Rohm & Haas Co. and Federal Correctional | ) | C/A No. 6:08-1210-MBS |
| Institution Williamsburg; | ) | |
| | ) | |
| National Semiconductor Corp. and | ) | C/A No. 6:08-1211-MBS |
| FCI Williamsburg; | ) | |
| | ) | |
| W.R. Grace & Co. and Federal Correctional | ) | C/A No. 6:08-1212-MBS |
| Institution Williamsburg; | ) | |
| | ) | |
| Corning, Inc., and Federal Correctional | ) | C/A No. 6:08-1213-MBS |
| Center Williamsburg; | ) | |
| | ) | |
| Exelon Corp., and Federal Correctional | ) | C/A No. 6:08-1214-MBS |
| Institution Williamsburg; | ) | |
| | ) | |
| Thomas F. Frist, d/b/a HCA, and FCI | ) | C/A No. 6:08-1215-MBS |
| Williamsburg; | ) | |
| | ) | |
| Harlem Globetrotters, Marques Haynes, | ) | C/A No. 6:08-1216-MBS |
| Michael "Wild Thing" Wilson, Curley | ) | |
| "Boo" Johnson, Curley Ne, Mannie | ) | |
| Jackson, Meadowlark Lemon,  Wilt | ) | |
| Chamberlain, and Showboat Hall; | ) | |
| | ) | |
| Gady A. Epstein, Claire Cain Miller, | ) | C/A No. 6:08-1217-MBS |
| and FCI Williamsburg; | ) | |
| | ) | |
| Gregg Bergersen, Tai Kuo, Yu Xin Kang, | ) | C/A No. 6:08-1218-MBS |
| and FCI Williamsburg; | ) | |
| | ) | |
| American Top 40, d/b/a www.AT40.com, | ) | C/A No. 6:08-1219-MBS |
| and Ryan Seacrest; | ) | |
| | ) | |

| | | |
|---|---|---|
| Star Wars, Geroge Lucas, Han Solo, Princess Leia, Jedi, Obi-Wan Kenobi, Luke Skywalkter, Darth Vader, Dave Filoni; | ) ) ) ) | C/A No. 6:08-1220-MBS |
| Victor J. Defazio, and Jack Finkelstein; | ) ) | C/A No. 6:08-1221-MBS |
| Anthony Frank Gaggi, and Henry Borelli; | ) ) | C/A No. 6:08-1222-MBS |
| William James Gallenardo, and Charles Squires; | ) ) ) | C/A No. 6:08-1223-MBS |
| Kevin Schatzle, and Christopher Gorayeb; | ) ) | C/A No. 6:08-1224-MBS |
| Harry H. Messerlian, Henry F. Wolkowski, and Joseph P. Topolosky; | ) ) ) | C/A No. 6:08-1225-MBS |
| Alan Quinones, and Diego B. Rodriguez; | ) ) | C/A No. 6:08-1226-MBS |
| Don La Greca, d/b/a 1050 am ESPN, and Michael Kay; | ) ) ) | C/A No. 6:08-1227-MBS |
| Peter King Hunsinger and Pamela Norwood; | ) ) ) | C/A No. 6:08-1228-MBS |
| David Leroy Knellinger, and Carl Peter Antoni; | ) ) ) | C/A No. 6:08-1229-MBS |
| Luan Lika, and Skender Fici; | ) ) | C/A No. 6:08-1230-MBS |
| Gordan Leroy Sonnenberg, and Todd O'Brien; | ) ) ) | C/A No. 6:08-1231-MBS |
| Peggy Franklin-El and Johnnie Franklin-El; | ) ) | C/A No. 6:08-1232-MBS |
| Freddie Mercury, d/b/a Frederick Bulsara, a/k/a Queen; | ) ) ) | C/A No. 6:08-1233-MBS |
| Engelbert Humperdinck, d/b/a Arnold Dorsey; | ) ) ) | C/A No. 6:08-1234-MBS |
| David Bowie, d/b/a David Robert Jones, and FCI Williamsburg; | ) ) ) | C/A No. 6:08-1235-MBS |
| Rodney Dangerfield, d/b/a Jacob Cohen, | ) | C/A No. 6:08-1237-MBS |

| | | |
|---|---|---|
| and Woody Allen, d/b/a John Sullivan; | ) ) | |
| Alice Cooper, d/b/a Vincent Furnier, and FCI Williamsburg; | ) ) ) | C/A No. 6:08-1238-MBS |
| Bo Diddley, d/b/a Elias Bates, and Federal Correctional Institution Williamsburg; | ) ) ) ) | C/A No. 6:08-1239-MBS |
| W.C. Fields, d/b/a William Claude Dukenfield; | ) ) ) | C/A No. 6:08-1240-MBS |
| Meat Loaf, d/b/a Marvin Lee Aday, | ) ) | C/A No. 6:08-1241-MBS |
| Elvis Costello, d/b/a Declan McManus, and FCI Williamsburg; | ) ) ) | C/A No. 6:08-1242-MBS |
| Johnny Ramone, d/b/a John Cummings, and Tommy Ramone, d/b/a Tom Erdelyi; | ) ) ) | C/A No. 6:08-1243-MBS |
| Rudolph Valentino, d/b/a Rudolpho D'antonguolla; | ) ) ) | C/A No. 6:08-1244-MBS |
| Kathie Lee Gifford, d/b/a Kathie Epstein, and Rita Hayworth; | ) ) ) | C/A No. 6:08-1245-MBS |
| Dr. Phil McGraw, Dr. Joyce Brothers, and FCI Williamsburg; | ) ) ) | C/A No. 6:08-1246-MBS |
| Greg Gumbel, Chris Berman, and FCI Williamsburg; | ) ) ) | C/A No. 6:08-1247-MBS |
| Peter Camejo, and Bureau of Prisons; | ) ) | C/A No. 6:08-1248-MBS |
| Brit Hume, Mary Matalin, and FCI Williamsburg; | ) ) ) | C/A No. 6:08-1249-MBS |
| Phyllis Schlafly, Kate Michelman, and FCI Williamsburg; | ) ) ) | C/A No. 6:08-1250-MBS |
| Marian Wright Edelman, Harvey Weinstein, and FCI Williamsburg; | ) ) ) | C/A No. 6:08-1251-MBS |
| Nelly Furtado, and Bureau of Prisons; | ) | C/A No. 6:08-1252-MBS |

3

| | | |
|---|---|---|
| Theo Albrecht, and Federal Correctional Institution Williamsburg; | ) ) ) | C/A No. 6:08-1253-MBS |
| Knight-Ridder, Inc., and FCI Williamsburg; | ) ) | C/A No. 6:08-1254-MBS |
| Omnicom Group, Inc., and FCI Williamsburg; | ) ) ) | C/A No. 6:08-1255-MBS |
| Carolina Herrera, and Diane Von Furstenburg; | ) ) ) | C/A No. 6:08-1256-MBS |
| Mark Wahlberg, Donnie Wahlburg, and FCI Williamsburg; | ) ) ) | C/A No. 6:08-1257-MBS |
| John A. Liljeberg, Jr., and Health Services Acquisition Corp.; | ) ) ) | C/A No. 6:08-1260-MBS |
| Vonage Holdings Corporation, d/b/a Vonage; | ) ) ) | C/A No. 6:08-1261-MBS |
| Ryan Friedlinghaus, d/b/a West Coast Customs; | ) ) ) | C/A No. 6:08-1262-MBS |
| Brown v. Board of Education, Oliver Brown, and Harry Briggs; | ) ) ) | C/A No. 6:08-1263-MBS |
| Vincent Lecavalier, and Jeremy Roenick; | ) ) | C/A No. 6:08-1264-MBS |
| Cheryl A. Michalek and Blanche Comiskey; | ) ) | C/A No. 6:08-1265-MBS |
| Jeffrey Paul Jedlicki, d/b/a World Market Advisors, Inc.; | ) ) ) | C/A No. 6:08-1266-MBS |
| Kremen V. Cohen, Gary Kremen, Stephen Michael Cohen, and Online Classifieds, Inc.; | ) ) ) ) | C/A No. 6:08-1267-MBS |
| Alyce C. Alston, and Dawn M. Zier; | ) ) | C/A No. 6:08-1268-MBS |
| Jane Fonda, Henry Fonda, and FCI Williamsburg; | ) ) ) | C/A No. 6:08-1269-MBS |
| TATA Group, and Ratan TATA; | ) | C/A No. 6:08-1270-MBS |

4

|                                                                  |   |                        |
|------------------------------------------------------------------|---|------------------------|
| Patrick Ewing, Walt Frazier, and<br>Willis Reed;                 | ) | C/A No. 6:08-1271-MBS  |
| Thomas John Morris, Jr., and Bureau<br>of Prisons;               | ) | C/A No. 6:08-1282-MBS  |
| Tiffany & Co. Ltd, and Bureau of Prisons;                        | ) | C/A No. 6:08-1283-MBS  |
| Manuel Nicholas Diaz, and Bureau of<br>Prisons;                  | ) | C/A No. 6:08-1284-MBS  |
| Brian Bafia, and Federal Correctional<br>Institution Williamsburg; | ) | C/A No. 6:08-1285-MBS  |
| Hair Club for Men Ltd., Inc., and<br>FCI Williamsburg;           | ) | C/A No. 6:08-1286-MBS  |
| Casey Mears, Sam Hornish, Jr., and<br>FCI Williamsburg;          | ) | C/A No. 6:08-1287-MBS  |
| Cracker Barrel Old Country Store, Inc.,<br>and FCI Williamsburg; | ) | C/A No. 6:08-1288-MBS  |
| British Sky Broadcasting Group PLC, and<br>FCI Williamsburg;     | ) | C/A No. 6:08-1289-MBS  |
| Mrs. Fields Cookies, and Bureau of Prisons; )                    | ) | C/A No. 6:08-1290-MBS  |
|                          Defendants.                             | ) |                        |
| _____                         | ) |                        |

## O R D E R

Plaintiff Jonathan Lee Riches is an inmate in custody of the Bureau of Prisons. Plaintiff currently is incarcerated at FCI-Williamsburg in Salters, South Carolina. Plaintiff, proceeding pro se, filed the captioned actions pursuant to 42 U.S.C. § 1983, seeking injunctive relief and/or monetary damages. The court previously has dismissed at least three cases deemed as "strikes" under 28 U.S.C. § 1915(g). Thus, Plaintiff cannot proceed with the instant complaints unless (1) his claim

satisfies the exception for imminent physical harm provided by the "three-strikes" rule, or (2) he pays the full filing fee.  See id.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge William M. Catoe for pretrial handling.  The Magistrate Judge reviewed the complaints pursuant to the Prison Litigation Reform Act of 1996.  On April 28, 2008, the Magistrate Judge issued a Report and Recommendation in which he found that, with each of the referenced cases, Plaintiff's allegations did not raise credible claims of "imminent danger" so as to invoke the exception to § 1915(g).  Accordingly, the Magistrate Judge  determined that Plaintiff is barred by the "three-strikes" rule from proceeding with the captioned cases unless he pays the filing fee of $350.00 for each case.  Plaintiff was granted ten days, excluding holidays and weekends, plus three days for mailing, to pay the filing fees.  The Magistrate Judge recommended that, should Plaintiff fail to pay the filing fee, the within actions be dismissed pursuant to the "three strikes" rule of § 1915(g).  Plaintiff neither filed objections to the Report and Recommendation, nor paid the filing fees.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court.  Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation.  Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

6

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. The within actions are dismissed under the "three strikes" rule of § 1915(g).

As the Magistrate Judge further noted, Plaintiff has filed at least thirty-four cases that have been summarily dismissed by this court because they were frivolous, malicious, or failed to state a claim upon which relief may be granted. At least eighty-two more cases have been dismissed for lack of prosecution or failure to comply with an order of the court. At least ninety-three additional cases, not including the within complaints, have been dismissed pursuant to the "three strikes" rule of § 1915(g). Plaintiff has repeatedly been warned that the court would impose additional restrictions on Plaintiff's ability to file complaints if he (1) continued to submit cases that he failed to pursue and prosecute; and/or (2) continued to file cases that were deemed frivolous or malicious, or that failed to state a claim upon which relief could be granted. Plaintiff has disregarded the court's admonitions and has continued to file numerous nonsensical complaints against a litany of defendants. Therefore, as the court previously ordered on May 19, 2008, the Clerk of Court is directed to return unfiled any civil action submitted to this Court by the Plaintiff, unless the following requirements are met:

(1)     Payment of the full statutory filing fee (currently $350.00) at the time any new civil case is submitted for filing;

or

(2)     Submission of a petition to the Clerk of Court seeking leave to file a new civil case. The petition must contain all of the following information:

(a)     The name of the defendant(s) that Plaintiff intends to sue pro se, without payment of the filing fee;

7

(b)    For each defendant named, that defendant's domicile;

(c)    For any defendant whose domicile is outside of this District, a statement explaining why this Court would enjoy personal jurisdiction over that defendant and why venue for Plaintiff's claim is proper in this Court;

(d)    A brief summary setting forth with specificity what each defendant has done to cause Plaintiff injury;

(e)    A statement setting forth the legal theory pursuant to which Plaintiff believes he is entitled to relief.

(f)    A statement (under penalty of perjury and subject to all sanctions available to the Court for untrue statements) that, to the best of Plaintiff's knowledge:

    (1)    the information contained in the petition is true and correct;

    (2)    the legal arguments are not frivolous or made in bad faith;

    (3)    the proposed case does not involve any of the same factual or legal matters as were/are involved in any of Plaintiff's previously disposed/currently pending civil actions in this Court; and

    (4)    that Plaintiff will comply with the local rules of this Court and with the Federal Rules of Civil Procedure.

(g)    The petition for leave to file a new complaint must be signed by Plaintiff in Plaintiff's full legal name. The following statement must appear above Plaintiff's signature: "This document and all statements contained herein or attached hereto are submitted under penalty of perjury and subject to all

available Court imposed sanctions for untruthfulness, frivolity, and/or vexatiousness."

(h) An official notary public seal and signature in proper legal form, attesting to the validity of Plaintiff's signature, must be affixed to the signature page of Plaintiff's petition.

(i) The following documents must be attached to the petition for leave to file a new civil action:

(1) A complete signed original of the pleading that Plaintiff wishes to file as a new case pro se, and without payment of the filing fee;

(2) A fully completed and signed Form AO-240 (Application to Proceed without Prepayment of Fees and Affidavit);

(3) A fully completed Financial Certificate; and

(4) Fully completed Court approved service of process forms (summons and Form USM-285) for each defendant or respondent named in the pleading.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina
May 28, 2008

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**